IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,

vs.                                                 No. CIV 04-1117 RB/LFG

SMITH'S FOOD AND DRUG
CENTERS, INC. d/b/a
PRICERITE,

       Defendant.

Consolidated with:

JOANN C. SANDOVAL and
JESUS SANDOVAL, Husband
and Wife,

       Plaintiffs,

vs.                                                 No. CIV 04-1417 RB/LFG

PRICERITE and JOSE MENDOZA,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** came before the Court on the Plaintiffs Jesus and Joann Sandoval's Motion for Remand (Doc. 11), filed on January 20, 2005, and Defendant Pricerite's Motion for Leave to File Surreply (Doc. 28), filed on March 9, 2005. Pricerite has requested oral argument on the motion to remand. Having reviewed the submissions of the parties and the relevant law, the Court finds that oral argument is unnecessary, the motion to file surreply should be granted, and the motion to remand should be granted in part and denied in part.

**I.     Background.**

On November 30, 2004, the Sandovals filed a Notice of Appeal and Complaint for Damages in the Second Judicial District, County of Bernalillo, State of New Mexico, alleging that they were hired by Pricerite in 1997, and that Joann Sandoval was subjected to sexual harassment by her supervisor, Defendant Jose Mendoza. (Compl. ¶¶ 7- 8.)  Joann Sandoval reported the harassment to a senior supervisor, but Pricerite failed to take remedial action and, due to this omission, Mendoza continued to harass her.  (Compl. ¶ 9.)  Pricerite's failure to take remedial action constituted a breach of employment contract that forced the Sandovals to resign.  (Compl. ¶¶ 21-23.)

Joann Sandoval filed a complaint with the New Mexico Human Rights Division and received a notice of right to file an appeal on November 9, 2004.  (Compl. ¶ 8.)  The Sandovals' complaint is brought pursuant to the New Mexico Human Rights Act, NMSA 1978, §28-1-7 ("NMHRA"). (Compl. ¶ 1.)  In Count 1, Joann Sandoval asserts sexual harassment against both defendants. (Compl. ¶¶ 7-10.)  In Count 2, Joann Sandoval alleges assault and battery against Mendoza. (Compl. ¶¶ 11-14.)  In Count 3, the Sandovals allege intentional infliction of emotional distress against both defendants.  (Compl. ¶¶ 15-18.)  In Count 4, Joann Sandoval alleges defamation against Mendoza. (Compl. ¶¶ 19-20.)  In Count 5, the Sandovals assert "constructive discharge and/or breach of employment contract" against Pricerite.  (Compl. ¶¶ 21-23.)

On December 22, 2004, Pricerite removed the case to this court pursuant to 28 U.S.C. §§1441(b) and 1446(a).  Pricerite asserts that the Sandovals' employment was subject to a collective bargaining agreement ("CBA"), the state law causes of action against Pricerite are completely preempted by §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and that this court should exercise supplemental jurisdiction over the claims against Mendoza pursuant to 28

U.S.C. §1967. After removal, the case was consolidated with the Equal Employment Opportunity Commission's (""EEOC") complaint on behalf of Joann Sandoval against Pricerite. In their motion to remand, the Sandovals argue that the case should be remanded for lack of federal subject matter jurisdiction as to their complaint.[1] Pricerite submitted its proposed surreply as an exhibit to its motion to file surreply. The surreply has been considered, but the arguments contained therein are unpersuasive.

## II. Standard.

Federal removal jurisdiction is statutory in nature and must be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U. S. 100, 108 (1941). Doubts must be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). A removing party has the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1195 (10th Cir. 2003). When a party challenges the underlying facts of the alleged subject matter jurisdiction, the court may consider evidence outside of the complaint to determine whether subject matter jurisdiction exists. *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002).

## III. Analysis.

Congress has granted the federal courts removal jurisdiction to hear claims initially brought in state court if the federal district court could have exercised original jurisdiction. *See* 28 U.S.C. §

---

[1] The motion to remand and this Memorandum Opinion and Order do not address the complaint filed by the EEOC.

1441(a). Although the complaint raises only state law claims, Pricerite asserts federal question jurisdiction under the complete preemption doctrine. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the complete preemption doctrine, federal courts may exercise federal question jurisdiction over complaints that present state law claims that are preempted by federal law. *Williams*, 482 U.S. at 393. Pricerite contends that the claims against Pricerite are completely preempted by § 301 of the LMRA.

> Section 301 provides:
>> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U. S. C. § 185(a).

The Supreme Court has made clear that the preemptive effect of § 301 is not limited to state claims alleging violations of labor contracts, but can include tort claims relating to what the parties to a labor agreement agreed and any legal consequences that were intended to flow from a breach of that agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). A state law claim is preempted by § 301 when its resolution depends upon the meaning of the CBA, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988), or when resolution of the state law claim is "inextricably intertwined" with the terms of the CBA. *Allis-Chalmers*, 471 U.S. at 213; *Garley v. Sandia Corp.*, 236 F.3d 1200, 1210 (10th Cir. 2001). Section § 301 does not preempt nonnegotiable rights conferred on individual employees as a matter of state law. *Lividas v. Bradshaw*, 512 U.S. 107, 123 (1994).

In Count 1, Joann Sandoval alleges that she was sexually harassed by her supervisor in violation of the NMHRA. If Ms. Sandoval is able to meet all the elements necessary to sustain a claim for sexual harassment, she would prevail under New Mexico law irrespective of the terms of the CBA. *See Lingle*, 486 U.S. at 412; *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1121 (10th Cir. 1995). The fact that the CBA covered sexual harassment does not negate or alter Ms. Sandoval's rights that arise under state law. *See Karnes*, 335 F.3d at 1194 (holding that a claim brought for violation of Oklahoma's Drug Testing Act was independent of a CBA that covered employee drug testing). Count 1 is not preempted by §301.

Joann Sandoval asserts assault and battery and defamation claims against Mendoza, alleging that Mendoza touched her during the sexual harassment and told others that he had been having sexual intercourse with her. Where the employer goes beyond the bounds of the work relationship, any torts that arise out of such behavior are not preempted because reference to the CBA is not required to determine whether the employers behavior is wrongful or not. *Albertsons, Inc. v. Carrigan*, 982 F.2d 1478, 1482 (10th Cir. 1993) (holding that there is no need to refer to the CBA when the outrageous conduct involved the employer having the employee arrested by fabricating theft). Resolution of these claims does not hinge on the meaning of the CBA. Because Counts 2 and 4 are independent of the CBA, they are not preempted by §301.

The Sandovals allege intentional infliction of emotional distress against both defendants. To the extent this claim is based upon Mendoza's alleged misconduct, the claim is not preempted because it will not depend on the meaning of the CBA. *See Garley*, 236 F.3d at 1214. To the extent this claim is based on the conduct of Pricerite in failing to discipline Mendoza, however, resolution will require interpretation of the CBA. Thus, the portion of Count 3 asserted against Pricerite is

5

preempted by §301.

In Count 5, the Sandovals allege constructive discharge and breach of employment contract against Pricerite. The CBA represents the contract between the Sandovals and Pricerite. *Steinbach v. Dillon Companies, Inc.*, 253 F.3d 538, 540 (10th Cir. 2001) (noting that CBA is intended to forge an exclusive contract controlling all aspects of the employer-employee relationship). A determination of whether Pricerite breached its contract and constructively discharged the Sandovals will inevitably require consideration of the CBA. *See Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 530 (10th Cir. 1992) (holding that an employer conducting an internal investigation suspecting theft by the employee will inevitably require an analysis of what the CBA permitted). Because the Sandovals' contract claims depend on the meaning of the CBA, they are preempted by § 301. Dismissal without prejudice is the appropriate disposition for preempted claims where the complaint does not properly plead any claims under the LMRA. *See Allis-Chalmers Corp.*, 471 U.S. at 220-221; *Garley*, 236 F.3d at 1215.

The Court has supplemental jurisdiction over the remaining state law claims because they are so related to the federal claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). However, the Court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c) "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see also United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002).

The preempted federal claims have been dismissed at an early stage of the litigation. The

remaining claims arise under state law. The Court finds that the interests of judicial economy, convenience, fairness, and comity weigh against the exercise of supplemental jurisdiction. Accordingly, the Court will remand the remaining claims.

**WHEREFORE,**

**IT IS ORDERED** that Defendant Pricerite's request for oral argument is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Pricerite's Motion for Leave to File Surreply (Doc. 28), filed on March 9, 2005, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Jesus and Joann Sandoval's Motion for Remand (Doc. 11), filed on January 20, 2005, is **GRANTED**.

**IT IS FURTHER ORDERED** that Count 5 and the portion of Count 3 alleged against Defendant Pricerite are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the remaining claims brought in Case No. 04-1417 RB/LFH are **REMANDED TO THE SECOND JUDICIAL DISTRICT COURT, COUNTY OF BERNALILLO, STATE OF NEW MEXICO**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**